IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MONICA REGINA HAWKINS, )<br>      Plaintiff, )<br>vs. )<br>   )<br>LOANSTAR TITLE, )<br>      Defendant. ) | No. 3:14-CV-0986-B-BH<br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED** for lack of subject-matter jurisdiction.

**I. BACKGROUND**

The plaintiff filed a civil complaint against the defendant, alleging that the defendant charges excessive late fees on its loans. She includes a copy of her loan agreement with the defendant, as well as a notice from the defendant that she was in default. She has also filed a complaint against the defendant with the Better Business Bureau. (Compl. (doc. 3 at 1, 3-7)). She asks that the lien on her car be removed, or that the defendant reach a settlement regarding previous overcharges. (*Id.* at 1).

**II. JURISDICTION**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction". *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for jurisdiction" and may *sua sponte* raise the issue at any time. *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir.

1990); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). The party seeking the federal forum has the burden of establishing federal jurisdiction. *Howery*, 243 F.3d at 916. Fed. R. Civ. P. 12(h)(3) requires dismissal of a case if a federal court determines that it lacks subject-matter jurisdiction.

Here, the plaintiff's cause of action against the defendant concerns a contract dispute that arises solely under state law. She neither identifies nor asserts any federal causes of action against the defendant, and she makes no allegations to support any federal cause of action against the defendant. Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332.

Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a). Complete diversity "does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978) (emphasis in the original). As the party seeking to invoke federal jurisdiction in this case, the plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). Here, the plaintiff has failed to plead that the parties are diverse, and she has not alleged any matter in controversy that exceeds $75,000 in value. She has therefore not met her burden to show that complete diversity exists between the parties, and her state law contract claim should be dismissed for lack of subject-matter jurisdiction. *See Dupre v. University Healthcare Sys. L.C.,* 273 F.3d 1103 (5th Cir. 2001) (dismissing suit for lack of subject-matter jurisdiction where all parties were residents of same state).

### III. SANCTIONS

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Since 2012, the plaintiff has filed thirteen civil actions. Four have been dismissed as frivolous, for failure to state a claim upon which relief may be granted, or for lack of jurisdiction. *See Hawkins v. AT&T*, 3:12-CV-1173-L (N.D.Tex. Aug. 23, 2013) ; *Hawkins v. RNB Smooth 105.7*, No. 3:12-CV-1469-P (N.D.Tex. Sep. 11, 2012); *Hawkins v. K104,* No. 3:12-CV-1471-M (N.D. Tex. July 5, 2012); *Hawkins v. Merrifield Elementary et al*, No. 3:12-CV-1738-B (N.D. Tex. Jul. 18, 2012). Four have been dismissed without prejudice for want of prosecution. *See Hawkins v. Wells Fargo Home Mortgage,* No. 3:12-CV-1453-M-BN (N.D.Tex. Aug. 7, 2013); *Hawkins v. Radio One*, 3:12-CV-1472-L (N.D.Tex. July 11, 2012);*Hawkins v. Harvey*, 3:12-CV-1702-M (N.D.Tex. July 26, 2012); *Hawkins v. Smiley,* No. 3:12-CV-1741-G (N.D.Tex. Aug. 22, 2012);. She has four other pending civil cases in this Court. Dismissal for want of prosecution has been

recommended in one cases, *see Hawkins v. Griffin*, No. 3:14-CV-504-N, and dismissal as frivolous as been recommended in two other cases. *See Hawkins v. WFAA/ABC*, No. 3:14-CV-502-P; *Hawkins v. George L. Allen Sr. Courts 301st*, No. 3:14-cv-1067-B.

The plaintiff should be warned that if she persists in filing frivolous or baseless cases, the Court may impose monetary sanctions and/or bar her from bringing any further civil action without payment of the filing fee.

### IV.  RECOMMENDATION

The plaintiff's complaint should be **DISMISSED** without prejudice for lack of subject-matter jurisdiction, and she should be **WARNED** that sanctions may be imposed if she persists in filing frivolous or baseless actions.

**SO RECOMMENDED on this 2nd day of April, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE